IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KENNETH E. JENKINS PLAINTIFF

v. CIVIL NO. 25-cv-3081

FRANK BISIGNANO, Commissioner DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Kenneth E. Jenkins, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for DIB on March 1, 2023. (Tr. 17). In his application, Plaintiff alleged disability beginning on September 1, 2018, due to chronic low back problems with herniated discs, cervical spine issues, and severe depression. (Tr. 17, 245, 285). An administrative hearing was held via video on September 19, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 35-59). A vocational expert ("VE") also testified. *Id.*

On December 16, 2024, the ALJ issued an unfavorable decision. (Tr. 14–29). The ALJ found Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2022. (Tr. 19). The ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the cervical and lumber spine and obesity. (Tr. 20). The ALJ also

found the Plaintiff had nonsevere impairments of depression, anxiety, right hip pain, right shoulder AC joint separation, prediabetes, left middle trigger finger, hypertension, hypogonadism, retention of urine, hyperlipidemia, neuropathy, fatigue, benign prostatic hypertrophy, hypothyroidism, and constipation. (Tr. 20-21). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except that Plaintiff could only occasionally climb ramps/stairs; could never climb ladders/ropes/scaffolds; and could only occasionally balance, stoop, kneel, crouch, and crawl. Additionally, Plaintiff would need to avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, dusts, gases, poor ventilation, and hazards such as dangerous machinery and unprotected heights. (Tr. 22-28).

The ALJ found Plaintiff had no past relevant work. (Tr. 28). With the help of the VE, the ALJ found Plaintiff would be able to perform the requirements of representative occupations such as movie theater attendant, chaperone, and merchandise marker. (Tr. 28-29). The ALJ found Plaintiff was not disabled from September 1, 2028, through September 30, 2022, the date last insured. (Tr. 29). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the ALJ erred by failing to give appropriate weight to Plaintiff's subjective complaints, and the objective testing showed clear reasons for doctors to implant a pain stimulator in Plaintiff's back; 2) whether the ALJ erred by failing to find Plaintiff met or equaled the listings of 12.04 for depression and 1.15 and 1.16 for his cervical and lumbar spine disorders; 3) whether the ALJ erred in determining Plaintiff could perform light work as such assessment is unsupported by substantial evidence; and 4) whether the ALJ erred by finding Plaintiff could perform representative occupations that are not reasonably possible given Plaintiff's severe and nonsevere impairments. (ECF No. 10). Defendant argues that substantial evidence supports the RFC findings, and the ALJ properly assessed the evidence including carefully considering treatment notes, Plaintiff's reports to treatment providers, and medical imaging. (ECF No. 11). Defendant argues that the ALJ properly evaluated Plaintiff's subjective complaints, including his own reports of improvement with a spinal cord stimulator. *Id*. Defendant argues that the ALJ did not err at step three and that the record does not support Plaintiff's contention that he met or medically equaled any listing. *Id*. Finally, Defendant argues that substantial evidence supports the ALJ's step five findings, including the vocational expert testimony and a properly posed hypothetical. *Id*.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ appropriately considered the evidence of record, and his RFC determination was based upon substantial evidence. While the ALJ did partially discount Plaintiff's subjective complaints, he provided reasoning for doing so and Plaintiff's testimony was not well supported by the other evidence of record. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 26th day of August 2026.

/s/Christy Comstock
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE